# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **MELISSA WHEELER**,<br>    Plaintiff,<br>v.<br><br>**AMAZON WEB SERVICES, INC**.,<br>    Defendant. | **Civ. Action No. 4:22-cv-00370**<br><br>Judge Andrew Hanen |

### PLAINTIFF'S SUR-REPLY IN OPPOSITION
### TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Dated: November 27, 2023

Respectfully Submitted by:

*/s/ Lisa Ventress*
Lisa Ventress
Federal Bar No.  3471199
Texas SBN 24076751
1322 Space Park Dr. Ste C222
Houston, TX 77058
Telephone: (832) 240-4365
Facsimile: (832) 565-1752
Email: lisa@theventressfirm.com
**ATTORNEY FOR PLAINTIFF**

1

**I.                       INTRODUCTION AND BACKGROUND**

Plaintiff hereby submits her Sur-Reply in order to address and clarify representations made by Defendant in its Reply in support of their motion for summary judgment (Docket No. 32).  While Defendant's Reply brief is a twenty seven (27) page attempt to convince this court that the arguments made here and  in its principal brief are worthy of a grant of summary judgment; Defendant's arguments in reply to Plaintiff's response have not become more convincing. The amount of pages Plaintiff dedicates to one claim or another is not representative of their merits. Additionally, in an attempt to deprive Plaintiff of an opportunity to have material fact issues decided by a jury, Defendant's reply is further frothed with inconsistencies; and blatant disregard for the evidence and inferences which evidence the material facts at issue.

By way of brief summary, Plaintiff worked for Defendant for approximately four years, consistently receiving exemplary remarks and feedback from her supervisors until she reported her skip-level manager Kevin Knapp's discriminatory remarks regarding a Latino client and a separate ageist comment made by Knapp to Human Resources.  As a result, Plaintiff was almost immediately placed in a performance improvement plan ("PIVOT"), in blatant retaliation for her protected activity. While Defendant maintains that Plaintiff's performance was substandard, that is not reflected in the feedback she received year after year up until her complaint for discrimination and retaliation.  In fact, there is no record that any performance issues were communicated to Plaintiff; or that she was being placed in Pivot until she complained, at which point, such placement was clearly retaliatory. The vastly different accounting of facts demonstrates that this matter is not appropriate for resolution via summary judgment and should be decided by the trier of fact.  In further support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. 31), Plaintiff would show the following:

II.  DISCUSSION

1.  Defendant does not dispute Plaintiff's and her younger Caucasian team members had the "same job or responsibilities, shared the same supervisor or had their employment status determined by the same person." *See Lee v. Kansas*, 574 F.3d 253, 260 (5th Cir. 2009). Rather, Defendant argues Plaintiff's team members are not similarly situated because they were not "placed in Focus for three consecutive years, received back-to-back Least Effective ratings, failed to accomplish the expectations articulated in the Pivot, and failed her Pivot appeal, yet was not terminated." MSJ at 10. These reasons are precisely the adverse actions at issue. In other words, Defendant's argument is Plaintiff is not similarly situated to her younger Caucasian colleagues because they were not also subjected to discrimination. Defendant's argument fails. See Opposition at n. 14

2.  Defendant asserts that "[c]onfusingly [Plaintiff] argues that the requirement of an adverse action is "not supported by law," but yet she identifies "suffer[ing] [an] adverse action because of [the plaintiff's] membership in the protected class" as a prima facie element of discrimination in her own Opposition. Opp. 22-23 (emphasis added). See Reply at pg .4   This is outrageous. Plaintiff did not claim that the adverse action element is not required. Plaintiff countered Defendant's argument about Plaintiff not being able to make out a prima facie case of discrimination because she testified she believed retaliation was the reason for her termination was "not supported by law."It appears that Defendant is confused here. As Plaintiff originally made clear, there is no subjective belief element in a disparate treatment claim. Defendant's argument is a red herring, at best. Rather, Defendant argues because Plaintiff testified at her deposition that she believed she was placed in Pivot and ultimately terminated due to retaliation, she could not have been subjected to discrimination based on her age, race, or national origin. See MSJ at 10. This argument is not supported by law. There is

no subjective belief element to a disparate treatment claim. Even if there were, Plaintiff testified repeatedly that she believed Defendant discriminated against her on the basis of her race, age, and national origin. Again, Defendant was free to examine Plaintiff directly if she felt discrimination played a role in the Pivot, her termination, or any other adverse action at issue. It failed to do so. Defendant's attempt to use summary judgment to remediate its failure is improper.

3. Any question of Elkon knowledge of Plaintiff's complaint before terminating her employment is a material fact in dispute.  Defendant's arguments as outlined in its reply work to effectively highlight the factual dispute about whether and when Elkon was aware of the protected activity. Further, Defendant admits that it has no evidence to refute AWS Ex. O, which shows that Laura Macdonald discussed Plaintiff's complaint with Elkon. Nor does it explain why Elkon's testimony contradict Defendant's business records. In other words, it admits that, at best, there is a material dispute of fact on this issue.

4. Defendant maintains that a declaration cannot defeat summary judgment. However, it fails to articulate how a declaration can support a motion for summary judgment where the burden is on the moving party. Further, Plaintiff does not rely on her declaration alone in support of her opposition to Defendant's MSJ. Plaintiff declaration is also supported by additional evidence both direct and circumstantial.

5. Defendant's arguments   as outlined in its Reply again work to effectively highlight the factual dispute about whether Elkon was or was not the decision maker, and merely highlighting disputes of fact, e.g., who was involved and to what level. Defendant utterly fails to refute any of the evidence that Plaintiff has concerning Knapp, Macdonald, McFarland, or Miles's involvement.

6. The OV ratings issued to Plaintiff are hardly "besides the point" as Defendant asserts, when it is precisely these ratings on which Defendant predicates its "performance arguments."

7. Comments by Melissa Eyeington in relation to her recommended rating of Plaintiff, were within the context of Plaintiff's stated desire to be promoted. See Plaintiff's Ex. AA. A jury can understand these comments to relate to what Plaintiff needed to do to get promoted, not where she was failing in her current role. Further Defendant's interpretation of the comments as negative is in direct conflict with its admission that Eyeington recommended that Plaintiff be rated as highly valued. Further, Defendant's assertion and Elkon's claim that she did not issue Plaintiff the 2019 Least Effective Rating is again at odds with Defendant's own business records. In other words, Defendant's own evidence creates material disputes of fact. See Ex. HH AWS Wheeler_000629.

8. Defendant alleges that Plaintiff failed to meet expectation #1 of the Pivot. However, Defendant cannot have it both ways. It cannot say, Plaintiff needed to do X,Y, and Z to meet the measurement of the Pivot, then once Plaintiff meets those criteria, say that she needed to meet additional criteria that were not originally included in the measurements.

9. Defendant's credibility is further strained by arguing that Plaintiff's intrinsic errors were on May 22, 2020 (Friday), and they continued on May 25, 2020 (Monday). In other words, Plaintiff did not make more "intrinsic errors." She apparently failed to fix them over the weekend.

10. Defendant offers no evidence to support its allegation that Plaintiff was not rated HV in 2018. In fact, in September of 2018, Plaintiff was offered an internal transfer to a position as a Sr. Sourcing Recruiter, an opportunity she would not have been afforded had she not received a HV rating in 2018. See Ex PP at ¶7.

11. Defendant argues that Knapps comment about "latin fire" was not be made because of Visconti's Hispanic heritage, which is blatantly absurd. See Plaintiff's Ex B at 109:3-7. Further, Knapp's comments do not need to be directed at Plaintiff to demonstrate animus. Finally, in Defendant's motion, it originally misled the Court by citing inapplicable caselaw concerning the stray remarks

5

doctrine. Now, after Plaintiff's opposition, it abandons its original argument and proffers a new one, that the stray remarks did not reflect animus and were not directed at Plaintiff.

12. Defendant assertion that there is no standard duration of time in which an employee will be in a Focus is directly conflicted by Elkon's own testimony as to the standard duration of a Focus. But most glaringly, is Defendant abandoning is assertion that Elkon met with Plaintiff "weekly" during Focus. Defendant previously alleged that it was the failure to improve after weekly meetings that formed the basis of the move to Pivot. However, Defendant now offers yet another version of events . . . that Elkon summarily decided after four (4) days that Plaintiff did not improve in order to move her to Pivot. Defendant's newest argument raises more suspicion about the proffered explanation.

13. Defendant's four (4) month timeline is an artificially manufactured timeline that is only convenient for Defendant, and continues to ignore multiple other instances of protected activity and adverse actions. The temporal proximity is in the magnitude of days and weeks, not months.

14. Defendant failed to address any of Plaintiff's motivating factor arguments.

### III. CONCLUSION

Plaintiff reiterates that there are outstanding issues of material fact that are clearly not appropriate for disposition via summary judgment, and respectfully requests this Court deny Defendant's motion and allow the matter to proceed to trial.

Respectfully submitted,

/s/ Lisa Ventress
Lisa Ventress
THE VENTRESS FIRM, P.C.
Federal Bar No. 3471199
Texas Bar No. 24076751
1322 Space Park Dr. Ste. C222
Houston, TX 77058
TEL. (832)240-4365

lisa@theventressfirm.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the date indicated herein, I caused a copy of Plaintiff's Sur-Reply Opposition to Defendant's Motion for Summary Judgment, to be served via the Court's electronic case filing system, upon all counsel of record.

Dated: November 27, 2023

| | |
|---|---|
| Morgan, Lewis & Bockius LLP<br>**Tyler J. Hill**<br>TX Bar No. 24130505<br>Federal ID No. 3815851<br>1717 Main Street, Ste. 3200<br>Dallas, TX 75201<br>T: 214.466.4160<br>F: 214.466.4001<br>tyler.j.hill@morganlewis.com | Morgan, Lewis & Bockius LLP<br>**Stefanie R. Moll** - *Attorney-in-charge*<br>TX Bar No. 24002870<br>Federal ID No. 22861<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>T: 713.890.5000<br>F: 713.890.5001<br>stefanie.moll@morganlewis.com |

**ATTORNEYS FOR DEFENDANT**
**AMAZON WEB SERVICES, INC.**

*/s/Lisa Ventress*
Lisa Ventress